[Cite as *State v. Hook*, 2016-Ohio-4620.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16AP0003 |
| FRANK E. HOOK. JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Morgan County
Court of Common Pleas, Case No. 15 CR
34

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: June 22, 2016

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

MARK J. HOWDYSHELL                  ROBERT HENRY
Morgan County Prosecutor's Office   200 Putnam St., Ste. 624
19 E. Main Street                          Marietta, OH 45750
McConnelsville, OH 43756

*Gwin, J.,*

{¶1}    Appellant Frank E. Hook, Jr. ["Hook"] appeals his conviction and sentence after a negotiated guilty plea in the Morgan County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    On August 27, 2015, Hook was indicted in the Morgan County Court of Common Pleas on count one of complicity and aggravated trafficking in drugs in the vicinity of a school, a felony of the third degree and violation of R.C. 2923.03(A)(2) and R.C. 2925.03(A)(1); and count two of complicity to aggravated trafficking in drugs, a felony of the fourth degree in violation of R.C. 2923.03(A)(2) and R.C. 292503(A)(1)(C)(1)(a). Hook entered a negotiated plea of guilty to both counts on December 15, 2015.

{¶3}    Following a Presentence Investigation Report, on February 9, 2016 the trial court sentenced Hook to 24 months on the first count and 12 months in prison on the second count.  The two sentences were ordered to be served consecutively.

*Assignment of Error*

{¶4}    Hook raises one assignment of error,

{¶5}    "I. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES UPON APPELLANT IS CONTRARY TO LAW."

*Law & Analysis*

{¶6}    The two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences. We now review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* __Ohio St.3d__, 2016–Ohio–1002, __N.E.3d ___, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides

we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶7} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶8} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶9} R.C. 2929.14(C)(4) provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish **665 the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or

while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶11} Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

{¶12} Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical

mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

{¶13} In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

{¶14} **R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶15} In the case at bar, the trial court noted that the two trafficking offenses were "committed for hire or as part of organized criminal activity." (Sent. T. at 6). Further the trial court noted, "Looking then at the recidivism factors, the Court finds at the recidivism more likely factors that two are present in that there's been a prior adjudication of delinquency or history of criminal convictions and, secondly, that in the past the offender has failed to respond favorably to sanctions imposed for those convictions." (Sent. T. at 6-7).

{¶16} **R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶17} Hook did not commit the crimes while he was awaiting trial or sentencing, or while Hook was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶18} **R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶19} In the case at bar, the trial court noted, "The Court's going to order that these sentences be served consecutively or one after the other, the Court finding that the sales of these drugs in the vicinities of juveniles, that the harm is so great or unusual that a single term does not adequately reflect the seriousness of this conduct." (Sent. T. at 8-9).

{¶20} **R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶21} As noted above, the trial court made this finding on the record.

{¶22} As the Supreme Court concluded in *Bonnell,*

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the

necessary findings can be found in the record and are incorporated into the sentencing entry.

140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶37.

{¶23} The trial court's sentencing entry filed February 19, 2016 further specifies the basis for the trial court's findings,

The Court finds the multiple offenses were not committed as a single course of conduct and were two distinct and separate offenses separated by time even though committed on the same day.  The Court further finds that a single sentence does not adequately reflect the seriousness of the offenders conduct and a single sentence would be demeaning to and inconsistent with the purposes and principles of sentencing.

The Court further finds consecutive service is necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of the offenders conduct and the danger the offender poses to the public.  The Court makes this finding pursuant to section 2929.14(C)(4)(b) "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct".

Therefore, the prison sentences imposed herein are Ordered to be served consecutive to one another.

{¶24} In this case, the record supports a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences; and it incorporated all of the necessary findings into its judgment entry.

{¶25} The judgment of the Morgan County Court of Common Pleas is affirmed.

By Gwin, J.,

Farmer, P.J., and

Hoffman, J., concur