[Cite as *State v. White*, 2013-Ohio-2058.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 12-CA-00018 |
| THOMAS A. WHITE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Perry County
Court of Common Pleas, Case No.
12CR0021

JUDGMENT: Reversed and Remanded

DATE OF JUDGMENT ENTRY: May 16, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOSEPH FLAUTT                          FREDERICK SEALOVER
Prosecuting Attorney                    45 North Fourth Street
111 North High Street                   Box 2910
New Lexington, OH 43764            Zanesville, OH  43702

*Gwin, P.J.*

{¶1} Defendant-appellant Thomas A. White ["White"] appeals his sentences on two counts of illegal manufacture of drugs, a felony of the second degree in violation of R.C. 2925.04.

### *Facts and Procedural History*

{¶2} White was indicted on two counts of illegal manufacture of drugs, felonies of the first degree in violation of R.C. 2925.04, two counts of illegal assembly or possession of chemicals for the manufacture of drugs, felonies of the third degree in violation of R.C. 2925.041, and one count of aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11.

{¶3} White appeared pro se at his arraignment on February 28, 2012. On February 28, 2012, White filed an affidavit of indigency. On March 8, 2012, the trial court appointed counsel to represent White having found him to be indigent.

{¶4} On June 27, 2012, White appeared at a change of plea hearing, represented by court-appointed counsel, and entered a plea to two reduced counts of illegal manufacture of drugs, felonies of the second degree. Prior to sentencing, White asked the trial court "to waive the fines and to see if you'd run concurrent with Muskingum County time." (Sent. T., Aug. 21, 2012 at 4). White's counsel "so moved the Court." Id.

{¶5} At the conclusion of the hearing, the court proceeded to pronounce White's sentence:

THE COURT: —For the two counts of illegal manufacturing of drugs, felonies of the second degree, I'm going to sentence you to three

years in a state penal institution on each count. They are to run consecutive and -- to each other as well as consecutive to any other time you may be serving in any other county.

I'm also going to impose a $7,500 fine. Your driver's license will be suspended for six months on each count, and those will run consecutive. You will be given credit for any time you may have served in this matter, and I'm also assessing costs. Sent. T., Aug. 21, 2012 at 5.

The trial court's Termination Judgment Entry was filed August 31, 2012.

### *Assignments of Error*

**{¶6}**   White raises two assignments of error,

**{¶7}**   "I. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE STATE AND FEDERAL CONSTITUTIONS.

**{¶8}**   "II. THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE UPON THE DEFENDANT-APPELLANT TO BE SERVED CONSECUTIVELY TO A PRISON SENTENCE IMPOSED BY ANOTHER COURT OF THIS STATE, CONTRARY TO LAW."

I.

**{¶9}**   In his first assignment of error, White argues that he was denied effective assistance of counsel. Specifically, White contends that counsel was ineffective in failing to move, in writing and prior to sentencing, pursuant to R.C. 2925.04(D)(1) and 2929.18(3)(1), for an Order dispensing with the mandatory fine because he is indigent and unable to pay a mandatory fine.

**{¶10}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

**{¶11}** In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley*, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.

**{¶12}** In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. Prejudice warranting reversal must be such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U. S. at 694. A court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would "reasonably likely been different" absent the errors. *Strickland*, 466 U. S. 695, 696. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, supra; *Bradley*, supra.

**{¶13}** R.C. 2925.04(D)(1) provides in part,

The court shall impose upon the offender [convicted of illegal manufacture of drugs, a felony of the second degree] the mandatory fine specified for the offense under [R.C. 2929.18(B)(1)] unless, as specified in that division, the court determines that the offender is indigent.

* * *

{¶14} R.C. 2929.18(B)(1) provides, in part,

For a first, second, or third degree felony violation of any provision of Chapter 2925, 3719, or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶15} In the case at bar, an affidavit of indigency was filed in the trial court on February 28, 2012. Thus, we cannot find counsel to be ineffective for failing to file the affidavit. In reality, White appears to be arguing that the trial court failed to consider White's present or future ability to pay this mandatory fine.

{¶16} In *State v. Johnson*, 5th Dist. No. 99COA01333, 2000 WL 1055893(July 26, 2000) this court observed,

[a]ppellant also argues the fines imposed by the trial court are contrary to law because she is indigent and the trial court should have determined her ability to pay the fines. Under R.C. 2929.18(E), a trial court may conduct a hearing to determine whether an offender is able to pay the sanction or is likely, in the future, to be able to pay it. The language contained in the statute, as it relates to a hearing, makes the holding of such a hearing discretionary with the trial court. Further, Ohio courts distinguish between the initial imposition of a fine and any subsequent incarceration for the non-payment of a fine. Although R.C. 2929.18(E) makes a hearing discretionary when initially imposing a fine, R.C. 2947.14 mandates that a hearing be held to determine the ability to pay in the event an offender is facing incarceration due to non-payment. *State v. Meyer* (1997), 124 Ohio App.3d 373, 377, 706 N.E.2d 378*; State v. Johnson* (1995), 107 Ohio App.3d 723, 728-729, 669 N.E.2d 483. Ohio Courts have also recognized a distinction between an offender's ability to pay a fine and the offender's need for appointed counsel due to indigence. *State v. Powell* (1992), 78 Ohio App.3d 784, 789, 605 N.E.2d 1337. The difference exists in the offender's ability to raise the initial retainer needed to obtain counsel as opposed to the period of time given to gradually pay the imposed fine. *Id.* In the case sub judice, since the trial court only imposed the fine and did not sentence appellant for non-payment, it was within the trial court's discretion whether to conduct a hearing to determine appellant's ability to pay. However, in the event appellant is later brought

before the trial court for failure to pay the fine, appellant would be entitled to a hearing as to her ability to pay. Further, under R.C. 2929.18(G), appellant may request the trial court to suspend the fine in the event she fully completes all other sanctions to the trial court's satisfaction. Accordingly, the trial court's imposition of fines totaling $3,500 was not contrary to law.

*Accord, State v. Young*, 5th Dist. No. 03-CAA-10051, 2004-Ohio-4002, ¶16.

**{¶17}** Further, the Ohio Supreme Court has stated, with respect to the imposition of mandatory fines,

we do not believe that former R.C. 2925.11(E)(5) was intended to preclude a trial court from imposing fines on able-bodied defendants who are fully capable of work but who happen to be indigent and unemployed at the moment of sentencing. Obviously, for purposes of former R.C. 2925.11(E)(5) and the current analogous provisions of R.C. 2925.11(E)(1)(a) and 2929.18(B)(1), a trial court's determination whether an offender is indigent *and* is unable to pay a mandatory fine can (and should) encompass future ability to pay. If the General Assembly had intended otherwise, the statutes would have been written to permit a waiver of the mandatory fines based solely on a defendant's present state of indigency, and would not have also required trial courts to consider the additional question whether the offender is "unable to pay."

*State v. Gipson* (1998), 80 Ohio St.3d 626, 636, 687 N.E.2d 750, 758.

**{¶18}** As this Court explained in *State v. Perry,* 5th Dist. No. 2004–CA–00066, 2005–Ohio–85,

> "[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin,* 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000–Ohio–1942. Although a court may hold a hearing under R.C. 2929.18(E) "to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it," a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98–01–001, unreported ("although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue". "All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay." *State v. Dunaway,* 12th Dist. No. CA2001–12–280, 2003–Ohio–1062, at 36; *Martin,* 140 Ohio App.3d at 33, 746 N.E.2d 642" *Id.* at *4–5, 746 N.E.2d 642. *See also State v. Thompson,* 5th Dist. No. 06–CA–62, 2008–Ohio–435, at ¶19. While it would be preferable for the trial court to expressly state on the record that it has considered a defendant's present and future ability to pay a fine, it is not required. *State v. Parker,* 2nd Dist. No. 03CA0017, 2004–Ohio–1313, ¶ 42, citing *State v. Slater,* 4th Dist. No. 01 CA2806, 2002–Ohio–5343. "The court's consideration of that issue may be inferred from the record under appropriate circumstances." *Id.*

{¶19} In the case at bar, the court considered the Presentence Investigation Report before imposing sentence. White was 26 years old at the time of sentencing. It was not error for the trial court to find that White is an able-bodied individual who is fully capable of work based upon the record before this Court.

{¶20}  Accordingly, based upon the foregoing reasons, White's first assignment of error is overruled.

II.

{¶21} In his second assignment of error, White argues that the exceptions to RC. 2929.41 do not allow for the imposition of consecutive sentences under the circumstances of this case.

{¶22}  Although White requested the trial court impose concurrent time, White did not argue that the exceptions to concurrent sentencing outlined in R.C. 2929.41(A), as amended by H.B. 86, did not permit the court to order a prison term to be served consecutively to another prison term that was currently being served in Ohio. Further, White did not argue in the trial court that, if the current language of R.C. 2929.41(A) contained a typographical error by the legislature, any benefit or ambiguity would inure to his benefit and the language should be strictly construed against the state.

{¶23} In *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 522 N.E.2d 524 (1988), the Supreme Court noted,

> The general rule is that "an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."

*State v. Childs* (1968), 14 Ohio St.2d 56 [236 N.E.2d 545] [43 O.O.2d 119], paragraph three of the syllabus; *State v. Glaros* (1960), 170 Ohio St. 471 [166 N.E.2d 379] [11 O.O.2d 215], paragraph one of the syllabus; *State v. Lancaster* (1971), 25 Ohio St.2d 83 [267 N.E.2d 291] [54 O.O.2d 222], paragraph one of the syllabus; *State v. Williams* (1977), 51 Ohio St.2d 112, 117 [364 N.E.2d 1364] [5 O.O.3d 98]. Likewise, "[c]onstitutional rights may be lost as finally as any others by a failure to assert them at the proper time." *State v. Childs, supra*, [14 Ohio St.2d], at 62 [236 N.E.2d 545], *citing State v. Davis* (1964), 1 Ohio St.2d 28 [203 N.E.2d 357] [30 O.O.2d 16]; *State, ex rel. Specht, v. Bd. of Edn.* (1981), 66 Ohio St.2d 178, 182 [420 N.E.2d 1004] [20 O.O.3d 191], *citing Clarington v. Althar* (1930), 122 Ohio St. 608 [174 N.E. 251], and *Toledo v. Gfell* (1958), 107 Ohio App. 93, 95 [156 N.E.2d 752] [7 O.O.2d 437]. [Footnote omitted.]

36 Ohio St.3d 168, 170, 522 N.E.2d 524; *See also*, *State v. Chandler*, 157 Ohio App.3d 72, 813 N.E.2d 65, 2004-Ohio-3436 at ¶ 72; *State v. Hughett*, Delaware App. No. 04 CAA 06051, 2004-Ohio-6207 at ¶58.

**{¶24}** As the United States Supreme Court observed in *Puckett v. United States*, 526 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266, (2009),

If an error is not properly preserved, appellate-court authority to remedy the error (by reversing the judgment, for example, or ordering a new trial) is strictly circumscribed. There is good reason for this; "anyone familiar with the work of courts understands that errors are a constant in the trial process, that most do not much matter, and that a reflexive

inclination by appellate courts to reverse because of unpreserved error would be fatal."

556 U.S. at 134. (Citation omitted).

[A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus,* 560 U.S. __, 130 S.Ct. 2159, 2164,176 L.Ed.2d 1012 (May 24, 2010) (Internal quotation marks and citations omitted).

The Ohio Supreme Court pertinently addressed when structural error analysis should be used in *State v. Perry,*

We emphasize that both this court and the United States Supreme Court have cautioned against applying a structural-error analysis where, as here, the case would be otherwise governed by Crim.R. 52(B) because the defendant did not raise the error in the trial court. See *Hill*, 92 Ohio St.3d at 199, 749 N.E.2d 274; *Johnson*, 520 U.S. at 466, 117 S.Ct. 1544, 137 L.Ed.2d 718. This caution is born of sound policy. For to hold that an error is structural even when the defendant does not bring the error to the attention of the trial court would be to encourage defendants to remain silent at trial only later to raise the error on appeal where the conviction

would be automatically reversed. We believe that our holdings should foster rather than thwart judicial economy by providing incentives (and not disincentives) for the defendant to raise all errors in the trial court-where, in many cases, such errors can be easily corrected.

101 Ohio St.3d 118, 802 N.E.2d 643, 2004-Ohio-297, ¶23.

{¶25} Thus, the defendant bears the burden of demonstrating that a plain error affected his substantial rights and, in addition that the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508(1993); *State v. Perry,* 101 Ohio St.3d at 120, 802 N.E.2d 643. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240(2002); *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804(1978), paragraph three of the syllabus*; Perry,* supra, at 118, 802 N.E.2d at 646.

{¶26} At the time of White's sentencing in August 2012, R.C. 2929.41(A) read:

Except as provided in division (B) of this section, *division (E) of section 2929.14,* or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution. (Emphasis added).

**{¶27}** Former R.C. 2929.14(E)(4) set forth the provisions a trial court must follow in order to impose consecutive sentences. This statute provided:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) The harm caused by the multiple offenses was so great or unusual that no single prison terms for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶28}** In 2003, the Ohio Supreme Court held in *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, a court may not impose consecutive sentences unless it "finds" three statutory factors enumerated in then 2929.14(E)(4). The statutory factors were the

same as those now enumerated in the revised version of R.C. 2929.14(C)(4) following enactment of H.B. 86. The revised version of the statute again requires the trial court to "find" the factors enumerated.

**{¶29}** The Court in *Comer, supra*, read R.C. 2929.14(E)(4), as it existed then, in conjunction with then R.C. 2929.19(B) to reach its conclusion the trial court must also state its reasons for the sentence imposed. Then R.C. 2929.19(B) stated the trial court "shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances...(c) if it imposes consecutive sentences under R.C. 2929.14."

**{¶30}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added). In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), ––– Ohio St.3d ––––, Slip Opinion No. 2010–Ohio–6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶31}** When it is clear from the record that the trial court engaged in the appropriate analysis, little can be gained by sending the case back for the trial court to, in essence, recite the "magic" or "talismanic" words when imposing consecutive

sentences. In other words, because the record supports the trial court's imposition of consecutive sentences, the trial court cannot err in imposing consecutive sentences after remand. Our review on appeal of any subsequent resentencing will be directed at looking at the entire trial court record to determine if that record supports the trial court's findings that the R.C. 2929.14(C) factors were met. *See, State v. Alexander,* 1st Dist. Nos. C–110828, C–110829, 2012–Ohio–3349, ¶ 18; *State v. Frasca,* 11th Dist. 2011–T–0108, 2012–Ohio–3746, ¶ 57.

**{¶32}** Court's that have previously addressed the pre-amendment version of R.C. 2929.41(A) have held that the statute's reference to R.C. 2929.14(E) is a typographical error and that the legislature meant to state R.C. 2929.14(C)(4), which concerns making findings prior to imposing a consecutive sentence. *State v. Walker*, 8th Dist. No. 97648, 2012–Ohio–4274, at fn. 2; *State v. Ryan*, 8th Dist. No. 98005, 2012–Ohio–5070; *State v. Hess*, 2nd Dist. No. 25144, 2013–Ohio–10. Courts are empowered to correct an obvious typographical error to give effect to the obvious intent of the rule. *Stanton v. Frankel Bros. Realty Co.,* 117 Ohio St. 345, 350, 158 N.E. 868(1927)*; Brim v. Rice*, 20 Ohio App.2d 293, 296, 253 N.E.2d 820(1st Dist. 1969); *State v. Virasayachack*, 138 Ohio App.3d 570, 574, 741 N.E.2d 943(8th Dist. 2000); *Delahoussaye v. Ohio State Racing Com.*, 10th Dist. Nos. 03AP-954, 03AP-955, 2004-Ohio-3388, ¶12.

**{¶33}** We agree with the Second and Eighth District's resolution of White's argument, and conclude that the trial court appropriately found that it could impose consecutive sentences under R.C. 2929.14(C). In this case, it is clear that the Ohio legislature intended to reference R.C. 2929.14(C), rather than R.C. 2929.14(E). We will

not employ the rule of lenity to defeat the obvious intention of the legislature. *See Walker, Ryan and Hess.*

**{¶34}** However, we have reviewed the transcript of the sentencing hearing in the case sub judice, and the sentencing entry. We note that the sentencing entry contains the handwritten delineation in the margin, "and consecutive to any prison term imposed in another county." Termination Judgment Entry, filed Aug. 31, 2012 at 4.

**{¶35}** We have consistently stated that the record must clearly demonstrate that consecutive sentences are not only appropriate, but are also clearly supported by the record. See, *State v. Fauntleroy,* 5th Dist. No. CT2012-0001, 2012-Ohio-4955; *State v. Bonnell,* 5th Dist. No. 12CAA3022, 2012-Ohio-515.

**{¶36}** In other words, in reviewing the record we must be convinced that the trial court imposed consecutive sentences because it had found that consecutive sentences were necessary to protect the public or to punish the offender, and that they are not disproportionate to the seriousness of his conduct and the danger the offender poses to the public. In addition, in reviewing the record we must be convinced that the trial court found the offender's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime, or the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, or at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as

part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4).

**{¶37}** In the case at bar, the record contains no evidence that the trial court engaged in the appropriate analysis before imposing consecutive sentences. Nor does our through review of the record before this Court provide evidence that the trial court considered the appropriate factors before imposing consecutive sentences.

**{¶38}** Accordingly, White's second assignment of error is sustained.

**{¶39}** The judgment of the Perry County Court of Common Pleas is reversed and this case is remanded for resentencing in accordance with this opinion and law.

By Gwin, P.J., and

Farmer, J., concur;

Hoffman, J., concurs

separately

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0423

*Hoffman, J., concurring*

{¶40} I concur in the majority's analysis and disposition of Appellant's first assignment of error. I further concur in the majority's disposition of Appellant's second assignment of error but write separately only to note my continuing disagreement that the "magic" or "talismanic" words found in R.C. 2929.14(C)(4) are unnecessary before imposing consecutive sentences.

_____

HON. WILLIAM B. HOFFMAN

[Cite as *State v. White*, 2013-Ohio-2058.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellee         :
                                       :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
THOMAS A. WHITE                        :
                                       :
                                       :
            Defendant-Appellant        :          CASE NO. 12-CA-00018


     For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Perry County Court of Common Pleas is reversed and this case is remanded for

resentencing in accordance with this opinion and law.   Costs to appellee


                                       _____
                                       HON. W. SCOTT GWIN


                                       _____
                                       HON. WILLIAM B. HOFFMAN


                                       _____
                                       HON. SHEILA G. FARMER