[Cite as *State v. Collopy*, 2017-Ohio-1397.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA0010 |
| DANNIE B. COLLOPY, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal appeal from the Coshocton County
                             Court of Common Pleas, Case No. 2015-
                             CR-0038

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 13, 2017

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JASON GIVEN                           JEFFREY A. MULLEN
PROSECUTING ATTORNEY                  239 N. Fourth Street
318 Chestnut Street                   Coshocton, OH 43812
Coshocton, OH 43812

*Gwin, J.,*

**{¶1}** Defendant-appellant Dannie B. Collopy, Jr. ["Collopy"] appeals the imposition of consecutive sentences after his negotiated guilty plea in the Coshocton County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** Between July 1, 2014 and April 7, 2015, Collopy fondled his 13-year-old adopted daughter's breast under her clothes at least five times. Collopy had his stepdaughter touch his penis at least five times. Collopy put his stepdaughter's hand on his penis at least five times. Collopy digitally penetrated her at least eight times. These acts occurred at the family residence.

**{¶3}** On May 18, 2015, the Grand Jury filed an Indictment charging Collopy with eight counts of Rape, in violation of R.C. 2907.02(A)(2), felonies of the first degree, and five counts of Gross Sexual Imposition, in violation of R. C. 2907.05(A)(1), felonies of the fourth degree.

**{¶4}** Collopy was arraigned, assigned counsel and pled not guilty on May 26, 2015. Collopy filed a Demand for Discovery and Request for Bill of Particulars on June 4, 2015. Discovery was completed on June 5, 2015 and the Bill of Particulars was filed January 19, 2016.

**{¶5}** Collopy waived his right to a speedy trial on June 18, 2015. A pre-trial conference was held January 25, 2016. Collopy also filed a written waiver of his right to a jury trial. Collopy entered written pleas of guilty to each count in the Indictment, and entered guilty pleas in open court. The trial court appointed H.A. Beazel, Psy.D., Clinical

and Forensic Psychologist to evaluate Collopy and file reports with the court. Sentencing was deferred pending the completion of the pre-sentence investigation report.

{¶6}   A sentencing hearing took place on June 6, 2016. After consideration of the reports of Dr. Beazel, the presentence investigation report, the statements of counsel and Collopy, letters in support of Collopy, and the statement of the victim, the trial court sentenced Collopy to ten years on each count of Rape, to be served consecutively to each other, and 12 months imprisonment on each of the Gross Sexual Imposition counts to be served concurrently to each other and concurrently to the Rape counts. Collopy received an aggregate sentence of 80 years mandatory imprisonment.

*Assignment of Error*

{¶7}   Counsel for Collopy has filed a Motion to Withdraw and a brief pursuant *to Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967) asserting one potential assignment of error:

{¶8}   "I. THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW."

*Law and Analysis*

{¶9}   In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to

determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

**{¶10}** By Judgment Entry filed October 24, 2016, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that he had served Collopy with the brief. Accordingly, this Court notified Collopy that he "may file a pro se brief in support of the appeal on or before December 1, 2016."

**{¶11}** We find Collopy's counsel in this matter has adequately followed the procedures required by *Anders.*

### Appellate Review

**{¶12}** In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

**{¶13}** R.C. 2929.14(C)(4) provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two

or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶15} Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

{¶16} Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

{¶17} In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

{¶18} **R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶19} At sentencing the trial court found,

In any event, it's clear that the harm caused is so great and unusual that only a lengthy prison sentence is appropriate.

* * *

The sentences for counts 1 through 8 shall be served consecutively but concurrently with counts 9 through 13 for a total aggregate prison term of 80 years.

The court finds that consecutive sentences are necessary in this case to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. Let me restate that. Consecutive service is necessary to punish the offender. The criminal code is not all about rehabilitation. And it's not all about protecting the public. There is a significant aspect to Ohio's criminal code with regard to sentencing. And that aspect is punishment. The court believes that this punishment, this 80-

year term of imprisonment is appropriate given the harm caused by the offender and given the fact that it was his own 13-year-old daughter that he was supposed to protect.

So, let me read this again. The court finds that consecutive service is necessary to protect the public -- excuse me, is necessary to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

Sent. T. June 6, 2016, filed Aug. 16, 2016 at 20; 24-25. The findings are reflecting in the court's sentencing entry. *Judgment Entry on Sentence,* filed June 7, 2016 at 3.

**{¶20}** **R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**{¶21}** This provision does not apply to Collopy's case.

**{¶22}** **R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**{¶23}** In the case at bar, the trial court found,

The court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused

by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Again, this is the harm caused by a father to his 13-year-old daughter by forcibly raping her on multiple occasions.

Sent. T. June 6, 2016, filed Aug. 16, 2016 at 25. The findings are reflecting in the court's sentencing entry. *Judgment Entry on Sentence,* filed June 7, 2016 at 3.

**{¶24} R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶25} The Court made no findings concerning this factor in Collopy's case.

{¶26} We find that the record in the case at bar clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4).

{¶27} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Coshocton County Court of Common Pleas.

By Gwin, J.,

Delaney, P.J., and

Baldwin, J., concur