[Cite as *State v. Stanton*, 2020-Ohio-345.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2019-0019 |
| | : | |
| JARED J. STANTON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2018-0136

JUDGMENT:                              AFFIRMED

DATE OF JUDGMENT ENTRY:       February 3, 2020

APPEARANCES:

For Plaintiff-Appellee:                       For Defendant-Appellant:

D. MICHAEL HADDOX                         JAMES A. ANZELMO
MUSKINGUM CO. PROSECUTOR               446 Howland Dr.
TAYLOR P. BENNINGTON                      Gahanna, OH 43230
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Jared J. Stanton appeals from the October 24, 2018 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose when appellant, age 19 at the time, babysat his girlfriend's four-month-old twins. Appellant shook and injured both children because he was "frustrated."

{¶3} Appellant was charged by indictment with two counts of child endangering, both felonies of the second degree pursuant to R.C. 2919.22(B)(1) [Counts I and III], and two counts of felonious assault, both felonies of the second degree pursuant to R.C. 2903.11(A)(1) [Counts II and IV]. Appellant entered pleas of not guilty.

{¶4} On May 7, 2019, appellant filed a suggestion of incompetence to stand trial and request for mental evaluation pursuant to R.C. 2945.371. The trial court granted the motion and a competency hearing was held on July 16, 2018. In the meantime, the trial court and the parties received the report of Dr. Andrew D. Reisner, Psy.D. The trial court thereupon found appellant competent to stand trial.

{¶5} On September 19, 2018, appellant appeared before the trial court and changed his pleas to ones of guilty as charged. The trial court accepted appellant's pleas, found him guilty as charged, and deferred sentencing pending a pre-sentence investigation (P.S.I.).

{¶6} On October 24, 2018, appellant's sentencing hearing was held. The trial court determined that Counts I and II merge with each other, and Counts III and IV merge with each other, and appellee elected to sentence upon Counts I and III. The trial court

imposed a prison term of 8 years upon Count I and 6 years upon Count III and ordered the terms to be served consecutively for a total aggregate prison sentence of 14 years.

{¶7}   Appellant now appeals from the trial court's sentencing Entry of October 24, 2018.

{¶8}   Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶9}   "THE TRIAL COURT UNLAWFULLY ORDERED STANTON TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION."

**ANALYSIS**

{¶10} Appellant argues the trial court erred in sentencing him to consecutive prison terms.  We disagree.

{¶11} "[A]ppellate courts must adhere to the plain language of R.C. 2953.08(G)(2)." *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 7. An appellate court may only modify or vacate a sentence if it finds by clear and convincing evidence that the record does not support the sentencing court's decision. *Id.* at ¶ 23. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Silknitter*, 3rd Dist. Union No. 14–16–07, 2017–Ohio–327, ¶ 7, citing *Marcum, supra.* Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but does not require the certainty of "beyond a

reasonable doubt." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶12} In the instant case, appellant argues the trial court erred in imposing consecutive terms because he is remorseful; has no prior criminal record; and suffers from post-traumatic stress syndrome (P.T.S.D.). We note appellant does not argue that the trial court failed to make the proper findings; instead, he disagrees with the weight afforded to those findings. "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 16 N.E.3d 659, 2014-Ohio-3177, syllabus.

{¶13} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander*, 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶14} R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences and provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future

crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶15} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include

that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶ 36.

{¶16} In this case, the record does establish that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences. Appellant concedes the trial court made the required findings. Appellant disagrees with the import of those findings, however, in light of his expressed remorse, his lack of a criminal record, and his P.T.S.D. We do not find these arguments compelling and note that in formulating his sentence, the trial court noted appellant was left in charge of two four-month-olds and shook them both, one to the point that the child was no longer breathing. The record before us, including appellant's admissions to shaking two four-month-old twins, fully supports the trial court's findings and refutes appellant's claims here. One child has recovered from her injuries; her brother, though, suffers from ongoing physical problems and developmental delays because appellant was admittedly incapable of controlling his anger.

{¶17} We also note that in the sentencing entry, the trial court found that consecutive sentences are necessary to protect the public from future crime or to punish

the offender; are not disproportionate to appellant's conduct and to the danger he poses to the public; and at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of appellant's conduct.

{¶18} Based on our review, we find that the record demonstrates that the trial court made the seriousness findings pursuant to R.C. 2929.12(B) and (C). Here, the trial court's sentence was within the statutory range. Moreover, the record reveals that the trial court properly considered the statutory purposes and factors of felony sentencing, and the decision is supported by clear and convincing evidence. Accordingly, we find that the trial court did not err in the imposition of appellant's prison sentence, including imposition of consecutive terms, and did not fail to consider the statutory factors.

{¶19} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶20} Appellant's sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.