**[Cite as *State v. Daniels*, 2024-Ohio-5416.]**

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TEREKA DANIELS | : | Case No. CT2024-0044 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Muskingum County
                                     Court of Common Pleas, Case No.
                                     CR2024-0147



JUDGMENT:                            Affirmed



DATE OF JUDGMENT:                    November 15, 2024



APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

CHRIS BRIGDON                          RON WELCH
8138 Somerset Rd.                      Prosecuting Attorney
Thornville, Ohio 43076                 Muskingum County, Ohio
                                       27 North Fifth St., P.O. Box 189
                                       Zanesville, Ohio 43076

*Baldwin, J.*

**{¶1}** The appellant, Tereka Daniels, appeals her conviction and sentence on one count of aggravated possession of drugs. The appellee is the State of Ohio. The relevant facts are as follows.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On February 28, 2024, the Muskingum County Grand Jury indicted the appellant on two counts of Aggravated Possession of Drugs in violation of R.C. §2925.11(A), one count of Possession of Cocaine in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(4)(a), one count of Possession of a Fentanyl-Related Compound in violation of R.C. §2925.11(A) and R.C. §2925.11(C)(11)(b).

**{¶3}** On April 8, 2024, the appellant entered a plea of guilty to one count of Aggravated Possession of Drugs, a fifth-degree felony. She was sentenced to twelve months in prison to be served consecutively to the sentence in Case No. CR2023-0821.

**{¶4}** The appellant filed a timely notice of appeal, and her appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In *Anders*, the Supreme Court of the United States held that if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must

fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶5}** The appellant's brief discussed the following potential assignment of error:

**{¶6}** "I. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."

**{¶7}** The appellant's counsel suggests there are no issues that could be considered meritorious in the assignments of error. Counsel timely served the appellant with a copy of the brief, but she has not filed a brief in response to the service of the *Anders* brief.

## STANDARD OF REVIEW

**{¶8}** We review felony sentences using the standard of review set forth in R.C. §2953.08. *State v. Roberts*, 2020-Ohio-6722 (5th Dist.), ¶13, citing *State v. Marcum*, 2016-Ohio-1002. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *Id.* citing *State v. Bonnell*, 2014-Ohio-3177.

## ANALYSIS

**{¶9}** R.C. §2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison

terms consecutively if the court  finds that the consecutive service is necessary to protect the public from future crime or punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Thus, the trial court must find that consecutive sentences are necessary to protect the public from future crimes and to punish the offender. In addition, the court must find that consecutive sentences are not disproportionate to the offender's conduct and the danger the offender poses to the public. Finally, the court must make at least one of these three additional findings: (1) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed R.C. §2929.16,

§2929.17, or §2929.18, or while under post- release control for a prior offense, (2) at least two of the multiple offenses were committed as part of one or more courses of conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See*, *State v. White*, 2013-Ohio-2058, ¶36.

{¶11} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. §2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 2014-Ohio-3177, syllabus. In other words, the sentencing court does not have to perform "a word-for-word recitation of the language of the statute." *Id*. at ¶29. Therefore, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. If a sentencing court fails to make the findings required by R.C. §2929.14(C)(4), a consecutive sentence imposed is contrary to law. *Id*. at ¶34. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id*. ¶37.

{¶12} In the case *sub judice*, the trial court noted that the appellant had a "horrible felony record." T. 20. The trial court found that consecutive sentences are necessary to protect the public from future crimes and to punish the appellant. The trial court also found that consecutive sentences are not disproportionate to the seriousness of the conduct and danger posed to the public. Upon review, we do not find clear and convincing

evidence that the record does not support the trial court's findings or that the sentence is contrary to law. The trial court considered the appropriate statutory factors and made the appropriate statutory findings. We find that the trial court did not err in sentencing the appellant to consecutive sentences.

{¶13} Accordingly, we agree that the appellant's proposed assignment of error is without merit.

## CONCLUSION

{¶14} For the foregoing reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw and affirm the judgment of the Court of Common Pleas, Muskingum County, Ohio.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.