[Cite as *State v. Allen*, 2016-Ohio-24.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102932**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## AHMAD ALLEN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591039-A

**BEFORE:** Kilbane, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 7, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
Cullen Sweeney
Suzan M. Sweeney
Assistant Public Defenders
310 Lakeside Avenue
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Callista R. Plemel
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Ahmad Allen ("Allen"), appeals from his nine-year sentence for felonious assault, improper discharge of a firearm, defacing the identification marks of a firearm, and criminal damaging.

{¶2} In November 2014, Allen was charged in an eight-count indictment resulting from a shooting on October 31, 2014, in Euclid, Ohio. The victim and his friends were trick-or-treating when Allen fired several shots at them, wounding the victim in his leg and damaging a home. Allen was charged with one count of attempted murder, two counts of felonious assault, discharge of firearm on or near prohibited premises, improperly discharging a firearm at or into a habitation, defacing identification marks of a firearm, and two counts of criminal damaging. The attempted murder, felonious assault, discharge of firearm, and improperly discharging a firearm into habitation charges each carried one- and three-year firearm specifications and forfeiture specifications. The defacing identification marks of a firearm charge carried a forfeiture specification.

{¶3} In March 2015, Allen entered into a plea agreement with the state. Allen agreed to plead guilty to one count of felonious assault with a one-year firearm specification and forfeiture specification (Count 2), improperly discharging a firearm into a habitation with a forfeiture specification (Count 5), misdemeanor defacing identification marks of a firearm with a forfeiture specification (Count 6), and misdemeanor criminal damaging (Count 7). In exchange, the state agreed to dismiss the remaining four counts and specifications. The state also agreed that felonious assault and improperly

discharging a firearm into a habitation counts merged for purposes of sentencing. The trial court accepted the plea agreement and referred the matter for a presentence investigation report ("PSI") and a mitigation of penalty report.

{¶4} At the sentencing hearing, defense counsel asked the trial court to impose a minimum sentence, given the lack of a criminal record and Allen's age — 20 years old at the time. The trial court also heard from Allen, his parents, the victim's grandmother, and the state. The court then spoke on the record, stating that Allen's actions were an ambush and outrageous because the victim and his friends were simply trick-or-treating. When the victims observed Allen and his group of friends, they turned around to avoid them, but Allen and his friends hunted them down and started taunting them. Allen followed the victim's group, started yelling at them, and when the victims did not respond, Allen ran toward them shooting his gun. The trial court found that the victim did nothing to provoke Allen. The trial court was disturbed by Allen's violent actions.

{¶5} The state elected for the trial court to sentence Allen on felonious assault with a one-year firearm specification. The court imposed eight years in prison with one year for the firearm specification. The trial court sentenced Allen to time served on the remaining counts, for an aggregate of nine years in prison.

{¶6} Allen now appeals, raising the following single assignment of error for review.

Assignment of Error

The trial court imposed a sentence contrary to law when it imposed a maximum sentence upon a first-time offender without considering any of the recidivism factors that weighed heavily against a maximum sentence.

**{¶7}** Allen argues the trial court erred when it imposed a maximum sentence of nine years for a first-time felony offender, without properly considering the recidivism factors in R.C. 2929.12(D) and (E), specifically Allen's age and lack of criminal history.

**{¶8}** R.C. 2953.08(G)(2) provides that an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.*

**{¶9}** R.C. 2929.12 provides a nonexhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future. *State v. Wright*, 8th Dist. Cuyahoga No. 100283, 2014-Ohio-3321, ¶ 9, citing *State v. Townsend*, 8th Dist. Cuyahoga No. 99896, 2014-Ohio-924, citing *State v. Arnett*, 88 Ohio St.3d 208, 213, 2000-Ohio-302, 724 N.E.2d 793. The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors. R.C. 2929.12(B) and (D).

**{¶10}** We note that the trial court is not required to make any factual findings under R.C. 2929.12 before imposing a maximum sentence. *State v. Bement*, 8th Dist. Cuyahoga No. 99914, 2013-Ohio-5437, ¶ 17, citing *State v. Calliens*, 8th Dist. Cuyahoga No. 97034, 2012-Ohio-703, ¶ 28; *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 82. "Although there is a mandatory duty to 'consider' the statutory factors, the trial court is not required to explain its analysis of those factors in a given case." *Wright* at ¶ 10, citing *Townsend*. This court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Gates*, 8th Dist. Cuyahoga No. 101951, 2015-Ohio-1843, ¶ 10, citing *Wright*. Thus, we must determine if Allen's sentence was otherwise contrary to law. *Bement* at ¶ 14.

**{¶11}** In the instant case, the trial court imposed a sentence within the sentencing range, and the journal entry states "[t]he court considered all required factors of the law." In sentencing Allen, the trial court indicated that it reviewed the PSI and mitigation report, which meant that it considered Allen's criminal history and age. Further, the trial court considered Allen's actions and the impact he had on the victim. The court stated:

> [W]hat you did was an ambush. I mean, it's outrageous to me, and I just want to read one part of this presentence investigation report.
> These boys were trick-or-treating, and so they knew trick-or-treating was over, but they thought maybe there were a few more houses where they could go to get some candy.
>
> You and your friends saw them. You were all dressed in black.
>
> The boys saw you and turned around to avoid you, and you hunted them down, and then you started taunting them.

I mean, they didn't say anything to you.

You began following them, and the boys tried to avoid you by walking away.

You continued to follow them, and you made it to the parking lot of Rite Aid, where you started yelling at them where are they from.

They wouldn't respond to you, and then you started running towards them, shooting.

That is an ambush, and that is outrageous.

* * *

I'm finding that a maximum prison sentence is appropriate for you as there were numerous shots fired with a gun, you hunted these children down in an ambush, and you shot at this group, and you shot into a home, and you shot at this group of children, hitting a boy twice in his leg.

**{¶12}** In light of the foregoing, we find that the trial court's sentence was fully supported by the record. The trial court considered the seriousness and recidivism factors listed in R.C. 2929.12, and Allen's sentence was within the permissible statutory range. Therefore, we decline to find that Allen's sentence is clearly and convincingly contrary to law.

**{¶13}** Accordingly, the sole assignment of error is overruled.

**{¶14}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA A. BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR