[Cite as *State v. Higginbotham*, 2017-Ohio-7618.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                               :

        Plaintiff-Appellee,                       :        No. 17AP-147
                                                  (C.P.C. No. 16CR-4785)
v.                                                          :        No. 17AP-150
                                                  (C.P.C. No. 16CR-3752)
Eric H. Higginbotham,                                       :

                                                  (REGULAR CALENDAR)
        Defendant-Appellant.                      :

D E C I S I O N

Rendered on September 14, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Edward Y.A. Parks*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Eric H. Higginbotham, appeals from two judgments of the Franklin County Court of Common Pleas convicting him of three counts of breaking and entering, in violation of R.C. 2911.13(A). For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 11, 2016, a Franklin County Grand Jury indicted appellant in case No. 16CR-3752 on two counts of breaking and entering, in violation of R.C. 2911.13, both of which are felonies of the fifth degree. On August 31, 2016, a Franklin County Grand Jury indicted appellant in case No. 16CR-4785 on one additional count of breaking and entering, in violation of R.C. 2911.13, also a felony of the fifth degree.

{¶ 3} At the November 29, 2016 plea hearing, plaintiff-appellee, State of Ohio, set forth the facts underlying the indictment in case No. 16CR-4785 as follows:

> 201[6]CR-4785 that incident occurred on June 26th about 4:21 a.m. An unknown individual broke into the glass door of Dog House Pizza on Lockbourne Road using a rock. When he went inside he loaded multiple liquor bottles into a trash can and fled the establishment in a white four-door vehicle. That incident was captured on surveillance video.

(Nov. 29, 2016 Tr. at 11.)

{¶ 4} Appellee also set forth the facts underlying the two-count indictment in case No. 16CR-3752 as follows:

> Tuesday, 6/28, two days later about 2:25 a.m., officers of Obetz were dispatched on a breaking and entering in K & M Market there in Obetz. Officers arrived on the scene and found one of the windows of the store was broken. A concrete block had been thrown through it. They reviewed the video footage and found suspect and suspect vehicle matching the break-in that occurred two days prior at Dog House Pizza.
>
> And then on Wednesday, the 29th, a third break-in occurred at the Possum Holler Pizza Shop on Lisle Avenue in Obetz about 3:11 a.m. Surveillance video in that was also reviewed and appeared to be the same suspect in the same vehicle as well.

(Nov. 29, 2016 Tr. at 11-12.)

{¶ 5} Appellant further stated that "*Crime Stoppers* tips as well as assistance from [appellant's] family identified him as the person involved and he can be seen in each of the videos committing each of these offenses." (Emphasis sic.) (Nov. 29, 2016 Tr. at 12.) According to appellee, appellant was "later apprehended with the property of one of the offenses in his car driving the car distinctly looking like the vehicle used in those three break-ins." (Nov. 29, 2016 Tr. at 12.)

{¶ 6} At the November 29, 2016 hearing, appellant pleaded guilty to the three charges in the indictments, and the trial court convicted him of all three counts of breaking and entering. A sentencing hearing was held on January 20, 2017. As a result of the hearing, the trial court sentenced appellant to concurrent 12-month prison terms for each of his two convictions in case No. 16CR-3752, and a 12-month prison term for his conviction in case No. 16CR-4785. The judgment entry in case No. 16CR-3752 provides that "[s]aid sentences shall be served consecutive to the sentences in case No. 16CR-

4785." (Jan. 25, 2017 Jgmt. Entry at 2.) The judgment entry in case No. 16CR-4785 provides that "[s]aid sentences shall be served consecutive to Case No. 16CR-3752." (Jan. 25, 2017 Jgmt. Entry at 2.) Thus, the trial court imposed an aggregate sentence of two years in prison.

{¶ 7} Appellant timely appealed to this court from the judgment of the trial court.

## II. ASSIGNMENT OF ERROR

{¶ 8} Appellant's sole assignment of error is as follows:

> THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE ANALYSIS AND STATUTORY FINDINGS IN CONSECUTIVE SENTENCE AND AT TIME OF IMPOSING THE SENTENCE AS REQUIRED BY R.C. 2929.14(C)(4).

## III. STANDARD OF REVIEW

{¶ 9} This court reviews claims that a sentencing court failed to comply with R.C. 2929.14(C)(4) when imposing a consecutive sentence "under the standard set forth by the Supreme Court of Ohio in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177." *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 10.

{¶ 10} In *Bonnell*, the Supreme Court held that a sentencing court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37. The court further stated that "a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 11} Under R.C. 2953.08(G)(2), once the trial court makes the factual findings required by R.C. 2929.14(C)(4), an appellate court may overturn the imposition of consecutive sentences only if it finds, clearly and convincingly, that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. *Hargrove* at ¶ 22, citing *State v. Adams*, 10th Dist. No. 13AP-783, 2014-Ohio-1809, ¶ 7. This and other courts of appeals have observed that the "clearly and convincingly" standard under R.C. 2953.08(G)(2) is "written in the negative which means that it is an 'extremely deferential standard of review.' " *Hargrove* at ¶ 22, quoting *State v. Bittner*,

2d Dist. No. 2013-CA-116, 2014-Ohio-3433, ¶ 9, quoting *State v. Rodeffer,* 2d Dist. No. 25574, 2013-Ohio-5759, ¶ 31, quoting *State v. Venes*, 8th Dist. No. 98682, 2013-Ohio-1891, ¶ 21. *See also State v. Moore*, 11th Dist. No. 2014-G-3183, 2014-Ohio-5182, ¶ 29; *State v. Hale*, 5th Dist. No. 14-CA-00014, 2014-Ohio-5028.

## IV. LEGAL ANALYSIS

{¶ 12} In appellant's sole assignment of error, appellant contends that the trial court erred by failing to make the finding required by R.C. 2929.14(C)(4) before ordering appellant to serve his prison terms consecutively. We disagree.

{¶ 13} R.C. 2929.14(C)(4) provides, in relevant part, as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} At the sentencing hearing, the trial court made the following findings on the record before imposing sentence:

> So when I have to consider all the factors that I have to consider in determining what's an appropriate sentence to

impose, at this time there's none of the factors that lean towards me keeping you out in the community. This offense-- these two offenses were committed while you were under supervision. Obviously, a fairly long criminal history that you have as well.

[T]he Court is imposing consecutive sentences because the Court finds that consecutive sentences is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public.

The Court also finds that at least two of the multiple offenses were committed as part of one or more course of conduct and the harm caused by two or more of the multiple offenses so committed were so great or unusual that no single prison term for any offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct.

Likewise, the Court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Jan. 20, 2017 Tr. at 23-24.)

{¶ 15} The trial court expressly incorporated the findings made at the sentencing hearing into the judgment entry in both cases. Our review of the sentencing transcript reveals that the trial court made each of the findings required by R.C. 2929.14(C)(4), including the findings specified in subsections (a), (b), and (c). Even though a word-for-word recitation of the statutory language is not required, the trial court essentially parroted the language of the statute in making its findings in this case. Thus, to the extent that appellant argues that the trial court did not make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences, appellant's argument is without merit.

{¶ 16} Appellant next contends that R.C. 2929.14(C)(4) does not authorize a sentencing court to impose consecutive sentences for "relatively minor felonies where there is no physical harm." (Appellant's Brief at 7.) We disagree.

{¶ 17} We note that appellant does not cite any case law in support of his arguments in this case. Moreover, the plain language of the statute refutes appellant's argument. R.C. 2929.14(C)(4) expressly authorizes a sentencing court to "require the offender to serve the prison terms consecutively" whenever "multiple prison terms are imposed on an offender for convictions of multiple offenses," provided the sentencing court makes the necessary findings. R.C. 2929.14(C)(4). The relevant statutory language does not distinguish between felonies by degree. Under Ohio's felony sentencing scheme, the degree of the offenses for which the offender is convicted determines the minimum and maximum term of imprisonment that a sentencing court may impose for a single conviction. R.C. 2929.14(A)(1) through (5). *See also* R.C. 2929.13. However, there is nothing in R.C. 2929.14(C)(4) that requires the sentencing court to consider the degree of the multiple offenses for which an offender has been convicted before imposing a consecutive sentence. Thus, the plain language of R.C. 2929.14 belies appellant's argument that a sentencing court may not impose consecutive sentences for multiple convictions of "relatively minor felonies." (Appellant's Brief at 7.) *See Hargrove* at ¶ 21 (imposition of consecutive sentence for convictions of fourth and fifth degree felonies upheld where the sentencing court made the findings required by R.C. 2929.14(C)(4)).

{¶ 18} Appellant next argues that consecutive sentences may not be imposed for multiple offenses "where there [was] no physical harm" to the victim. (Appellant's Brief at 7.) Again, we disagree.

{¶ 19} Appellant has cited no case law in support of this argument. Nor does R.C. 2929.14(C)(4) contain the words "physical harm." Moreover, this court in *Hargrove* upheld the trial court's imposition of consecutive prison terms for multiple convictions of solicitation fraud, an offense that did not result in physical harm to the victims. *Id.* at ¶ 21. Similarly in *State v. Sanders,* 5th Dist. No. 15-COA-33, 2016-Ohio-7204, the Fifth District Court of Appeals held that the trial court did not err by imposing a consecutive sentence for appellant's conviction of tampering with records, also an offense that does not result in physical harm to the victims. *Id.* at ¶ 81. Thus, we do not agree that a trial court may impose a consecutive sentence only for those felonies involving physical harm to the victim.

{¶ 20} To the extent that appellant takes exception to the trial court's finding made pursuant to R.C. 2929.14(C)(4)(b) because the harm to the victims in this case was limited to property damage and loss, R.C. 2929.14(C)(4)(b) refers only to the "harm" caused by the offender's conduct, not "physical harm." R.C. 2901.01(A) defines the terms "physical harm," "serious physical harm," and "serious physical harm to property." If the General Assembly had intended to limit or restrict the type of harm which could be considered for purposes of the finding required under R.C. 2929.14(C)(4)(b), then the General Assembly would have used one of the defined terms in the language of the statute in place of the word "harm."

{¶ 21} Moreover, even if we were to conclude that the trial court erred by making the finding under R.C. 2929.14(C)(4)(b) in the absence of physical harm to the victims, R.C. 2929.14(C)(4) requires the sentencing court to make just one of the findings specified in subsections (C)(4)(a) through (c) before imposing consecutive sentences. Here, the trial court also made the findings specified in subsections (C)(4)(a) and (c), and the record supports both of those findings. More particularly, the trial court's finding made pursuant to subsection (C)(4)(a) is supported by an admission by appellant's trial counsel that appellant has "a fairly long criminal history." (Jan. 20, 2017 Tr. at 24.) Other evidence in the record shows that appellant has a long history of breaking into businesses to support his illegal drug habit.[1] Similarly, the trial court's finding made pursuant to subsection (C)(4)(c) finds support in the record because appellant committed his crimes in this case while under a community control sanction from a prior conviction. Consequently, even if we were to disregard the trial court's finding, pursuant to R.C. 2929.14(C)(4)(b), the trial court's other findings made pursuant to subsections (C)(4)(a) and (c) are sufficient to support the imposition of consecutive sentences in this case.

{¶ 22} There is also no merit in appellant's contention that the trial court erred by failing to explain its reasoning for imposing consecutive sentences.

{¶ 23} In *Adams*, this court made the following observations regarding the changes in the statutory sentencing scheme following the 2011 amendment to R.C. 2929.14(C)(4):

---

[1] At an October 26, 2016 revocation hearing, appellee stated that appellant has "seven prior misdemeanors of failure to appear, eight prior felonies, [and] in those eight prior felonies there are 12 counts of breaking and entering and one burglary, seven prior order ins, two capiases." (Oct. 26, 2016 Tr. at 11.)

> Under R.C. 2929.14(C)(4), as amended in 2011 H.B. No. 86, a court imposing a consecutive sentence must make certain findings. *State v. Bailey*, 10th Dist. No. 12AP-699, 2013-Ohio-3596, ¶ 43, 997 N.E.2d 194. However, R.C. 2929.19(B)(2) was not reenacted in H.B. No. 86, *which means that a trial court is no longer required to provide reasons for imposing a consecutive sentence. See State v. Frasca*, 11th Dist. No. 2011-T-0108, 2012-Ohio-3746, ¶ 57; *State v. Power*, 7th Dist. No. 12 CO 14, 2013-Ohio-4254.

(Emphasis added.)  *Id.* at ¶ 15.

{¶ 24} Because Ohio's felony sentencing scheme does not require a sentencing court to provide reasons for imposing a consecutive sentence, we reject appellant's argument.  Moreover, it is evident on this record that the trial court believed consecutive sentences were necessary in this case because of appellant's propensity to reoffend.

{¶ 25} Finally, we find no merit in appellant's claim that the trial court failed to "specifically address the issues of two counts in Case No. 16CR-3752 and one count in 16CR-4785." (Appellant's Brief at 7.)  As noted above, the sentencing entry in both cases contained language requiring appellant to serve the prison terms for the two convictions in case No. 16CR-3752 consecutively with the single conviction in case No. 16CR-4785. The judgment entry in case No. 16CR-3752 orders appellant to serve concurrent prison terms for those two convictions, for an aggregate prison term of two years.  Thus, the record does not support appellant's argument.

{¶ 26} For the foregoing reasons, appellant's assignment of error is overruled.

## V.  CONCLUSION

{¶ 27} Having overruled appellant's sole assignment of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

KLATT and DORRIAN, JJ., concur.

_____