[Cite as *State v. Bush*, 2018-Ohio-1032.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-CA-00007 |
| MICHAEL BUSH III | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Perry County Common Pleas Court, Case No. 16-CR-0071

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 19, 2018

APPEARANCES:

For Plaintiff-Appellee

ANGELA R. CANEPA
Ohio Attorney General's Office
150 E. Gay St., 16th floor
Columbus, OH 43215

For Defendant-Appellant

JAMES SWEENEY
341 South Third Street, Suite 100
Columbus, OH 43215

*Gwin, P.J.*

{¶1}   Appellant, John Michael Bush, III, appeals from the imposition of consecutive sentences in the Perry County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   On September 21, 2016, an Indictment was filed charging Bush with five counts of rape felonies of the first degree in violation of R.C. 2907.02(A)(1)(b).

{¶3}   On June 22, 2017, a written plea of guilty form signed by Bush, defense counsel, and the prosecutor was filed.  Bush pled guilty to two counts of Gross Sexual Imposition, felonies of the third degree in violation of R.C. 2907.05(A)(4), as lesser-included offenses of Count I and Count IV of the Indictment.  In exchange for Bush's guilty pleas, the state agreed to dismiss Counts Two, Three and Five of the Indictment.  The written form included the following caveat:

> **There is a presumption in favor of prison for this offense.**
>
> **Said sentences for both offenses could be run consecutive to**
>
> **or concurrent with one another, for a potential maximum penalty of**
>
> **ten (10) years in prison in a State Penal Institution.**

*Plea of Guilty,* filed June 22, 107, at 1 (emphasis in original).  Bush entered his guilty pleas in open court on June 22, 2017.  Before accepting his pleas, the trial court advised Bush that the sentences could be run consecutive to each other for a total time of ten years, Plea T., June 22, 2017 at 7.

{¶4}   At sentencing on June 30, 2017, both of the minor victims and their mother addressed the trial court.  The trial court further reviewed a pre-sentence investigation

report. The trial court sentenced Bush to fifty-four months in prison on each count of Gross Sexual Imposition, to be served consecutively for a total sentence of nine years in prison.

*Assignment of Error*

**{¶5}** "I. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES ON APPELLANT."

*Law and Analysis.*

**Standard of Appellate Review.**

**{¶6}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that ***either*** *the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I),* **or** *the sentence is otherwise contrary to law. See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶7}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶8}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the

degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶9} In addition, as has been noted,

If the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]"

It is important to understand that the "clear and convincing" standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that "[t]he appellate court's standard for re-view is not whether the sentencing court abused its discretion." As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

*State v. Venes,* 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶19-21. *Accord, State v. Creech,* 4th Dist., Scioto No. 16CA3730, 2017-Ohio-6951, ¶11; *State v. Withrow,* 2nd Dist. Clark No. 2015-CA-24, 2016-Ohio-24, ¶22; *State v. Mason,* 12th Dist. Butler No. CA2014-10-217, 2015-Ohio-1931, ¶8; *State v. Taylor,* 5th Dist. Holmes No. 12 CA 18, 2013-Ohio-5751, ¶69; *State v. Higginbotham,* 10th Dist. Franklin Nos. 17AP-147, 17AP-150, 2017-Ohio-7618, ¶11; *State v. Moss,* 11th Dist. Ashtabula No. 2016-A-0046, 2017-Ohio-0046, ¶22.

### R.C. 2929.13(B).

**{¶10}** R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Bush pled guilty to felonies of the third degree. Accordingly, this section does not apply to Bush's case.

### R.C. 2929.13(D).

**{¶11}** R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable.

**{¶12}** Bush was convicted of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4). The legislature has mandated a prison term for this offense. R.C. 2929.13(F)(3)(b).

**{¶13}** Accordingly, the trial court was not required to make any findings before imposing a prison sentence in Bush's case.

***R.C. 2929.14 (B)(2)(e).***

**{¶14}** R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Bush was not given an additional prison sentence.

***R.C. 2929.14 (C)(4) Consecutive Sentences.***

**{¶15}** R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences.

**{¶16}** In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

**{¶17}** R.C. 2929.14(C)(4) provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates

that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶19}** Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

**{¶20}** Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

**{¶21}** In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences. We note that we do not know the specific contents of the presentence

investigation report, nor any victim impact statements. Appellate review contemplates that the entire record be presented. *See*, App.R. 9. Appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. *Wozniak v. Wozniak*, 90 Ohio App.3d 400, 409, 629 N.E.2d 500, 506 (9th 1993); *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314, 549 N.E.2d 1237, 1238-1239 (9th 1989). This principle is recognized in App.R. 9(B), which provides, in part, that '***the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record.***. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385(1980); *State v. Untied*, 5th Dist. Muskingum No. CT97-0018, 1998 WL 401768(Mar. 5, 1998). *See, also, State ex rel. Hoag v. Lucas Cty. Bd. of Elections*, 125 Ohio St.3d 49, 2010-Ohio-1629, 925 N.E.2d 984, ¶ 12, *citing Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 39, 671 N.E.2d 1(1996); State *ex rel. Duncan v. Portage Cty. Bd. of Elections*, 115 Ohio St.3d 405, 2007-Ohio-5346, 875 N.E.2d 578, ¶ 17. The presentence investigation report could have been submitted "under seal" for review. *State v. Untied, supra.*

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive**

**sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public**

**{¶22}** In the case at bar, the trial court made this finding on the record and in its sentencing entry. Sent. T. at 11; *Termination Judgment Entry*, filed June 30, 2017.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**{¶23}** This provision does not apply to Bush's case.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**{¶24}** The trial court heard from both of the minor victims and the victims' mother. The trial court made this finding on the record and in its sentencing entry. Sent. T. at 11; *Termination Judgment Entry*, filed June 30, 2017.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

**{¶25}** The Court made no findings concerning this factor in Bush's case.

***R.C. 2929.20.***

**{¶26}** R.C. 2929.20 (I) is inapplicable, as Bush's was not applying to the court for

judicial release.

### R.C. 2929.11 and R.C. 2929.12.

{¶27} The *Marcum* court further noted,

We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

{¶28} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶29} R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a

non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶30}** In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing.  The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306;  *State v. Firouzmandi*, 5th Dist. Licking  No. 2006-CA-41, 2006-Ohio-5823.

**{¶31}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)."  *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes.  *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶32}** Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes.  The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42.  *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8.  Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶33}** There is no requirement in R.C. 2929.12 that the trial court states on the

record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

{¶34} In the case at bar, the trial court heard the two minor victims, heard from the victims' mother, heard arguments from the state and defense counsel, heard Bush's statement, and reviewed the presentence investigation report before imposing a sentence.

{¶35} In the case at bar, the record supports that the harm caused to each of the victims was "more serious" because of the age of the victims [2929.12(B)(1)]. The offense was also more serious because Bush used his relationship with the victims to facilitate the offenses. [2929.12(B)(6)]. None of the factors set forth in 2929.12(C) are applicable to render the offenses "less serious." Bush denied the allegations when confronted by the police and his statements during sentencing could be perceived by the trial court as showing no genuine remorse. [2929.12(D)(5]. The only mitigating factor was that Bush had not been previously convicted of a criminal offense. R.C. 2929.12(E)(2).

**{¶36}** As already noted, the trial court was required to impose a prison sentence. The trial court did not impose the maximum prison sentence for either offense. Three counts of Rape, felonies of the first degree were dismissed in exchange for Bush's pleas. Bush was clearly advised in writing and in open court before he entered his pleas that the trial court could impose consecutive sentences.

**{¶37}** In *State v. Hairston,* the Ohio Supreme Court held proportionality review of sentences should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶20. The sole issue before the court in Hairston concerned whether the aggregate, 134–year prison term imposed on Hairston constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. *Hairston*, ¶1. Because this aggregate term of incarceration resulted from Hairston's guilty pleas to four counts of aggravated robbery, four counts of kidnapping, three counts of aggravated burglary, all with firearm specifications, and three counts of having a weapon while under disability, and because none of his individual sentences are grossly disproportionate to their respective offenses, the Supreme Court concluded that his aggregate sentence is not unconstitutional. *Hairston*, ¶22-23.

**{¶38}** Given that the trial court is not obligated to refer to every factor listed in R.C. 2929.12 as part of its sentencing analysis, "the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio- 157, ¶8. Bush has failed in this burden.

**{¶39}** Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

**{¶40}** Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4). Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Bush regarding post-release control. While Bush may disagree with the weight given to these factors by the trial judge, Bush's sentence was within the applicable statutory range for a felony of the third degree and therefore, we have no basis for concluding that it is contrary to law.

**{¶41}** Bush has failed to clearly and convincingly show that the trial court failed to consider the principles of felony sentencing, or that the aggregate nine-year sentence is otherwise contrary to law.

**Conclusion.**

{¶42} Bush's sole assignment of error is overruled. The decision of the Perry County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Delaney, J., concur