[Cite as *State v. Mayweather*, 2019-Ohio-479.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18-CA-49 |
| JEREZ S. MAYWEATHER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Court of Common Pleas, Case No.
                             17CR134

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      February 8, 2019

APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      JAMES ANZELMO
Licking County Prosecutor             446 Howland Drive
By: DANIEL J. BENOIT                  Gahanna, OH 43230
Assistant Prosecutor
20 S. Second Street, Fourth Floor
Newark, OH 43055

*Gwin, P.J.*

{¶1}    Defendant-appellant Jerez S. Mayweather ["Mayweather"] appeals his conviction and sentence from the Licking County Court of Common Pleas on three counts of trafficking in heroin after remand by this Court.

*Facts and Procedural History*

{¶2}    On October 19, 2017, a jury found Mayweather guilty of three counts of trafficking in heroin in violation of R.C. 2925.03(A)(1)(C)(6)(a), felonies of the fifth degree. By Judgment Entry filed on October 19, 2017, Mayweather was sentenced to one year on each count. The trial court ordered that the sentences run consecutively, for an aggregate prison sentence of three years. Mayweather filed a timely notice of appeal, arguing that the trial court erred by imposing consecutive sentences. *State v. Mayweather,* 5th Dist. Licking No. 17-CA-84, 2018-Ohio-1686. This Court agreed finding that while the court made the necessary consecutive sentencing findings within the sentencing judgment entry, the trial court failed to state these findings on the record. Id. at ¶ 64. The matter was then remanded to the trial court for the limited purpose of resentencing. Id. at 67. That resentencing hearing was held on May 25, 2018.

{¶3}    At the resentencing hearing, the trial court imposed sentence of twelve months on each count, and made each of those sentences consecutive to one another.

*Assignment of Error*

{¶4}    Mayweather raises one assignment of error,

{¶5}    "I.    THE TRIAL COURT UNLAWFULLY ORDERED JEREZ MAYWEATHER TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE

OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES."

*Law and Analysis*

**STANDARD OF APPELLATE REVIEW.**

{¶6} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.* *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶7} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477 120 N.E.2d 118.

**ISSUE FOR APPEAL.**

*A). Whether the trial court properly imposed consecutive sentences in Mayweather's case.*

**R.C. 2929.14 (C)(4) Consecutive Sentences.**

**{¶8}**    R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences.

**{¶9}**    In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses.    R.C. 2929.41(A).    The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4).  *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23.  This statute requires the trial court to undertake a three-part analysis.  *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

**{¶10}**  R.C. 2929.14(C)(4) provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

{¶12} In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

{¶13}  The trial court considered this factor.  (Re-Sent. T., May 25, 2018 at 6).

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶14}  This provision does not apply to Mayweather's case.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶15}  The trial court considered this factor.  (Re-Sent. T., May 25, 2018 at 6).

**R.C.  2929.14(C)(4)(c):  The  offender's  history  of  criminal  conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶16}  The trial court made a specific finding concerning this factor.  (Re-Sent. T., May 25, 2018 at 6).

{¶17}  In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the

court discussed the effect of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823. "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12.

{¶18} In the case at bar, the sentencing court noted, Mayweather is from Chicago, Illinois, and came to Newark, Ohio for the express purpose of engaging in the trafficking of heroin. (Re-Sent. T., May 25, 2018 at 6). Additionally, it was noted by the trial court that three counts that Mayweather was convicted, occurred on three separate dates. (Re-Sent. T., May 25, 2018 at 6). The court made the required findings under the statute, and cited Mayweather's criminal history required the imposition of consecutive sentences. (Re-Sent. T., May 25, 2018 at 6). The court noted a robbery conviction from 2006, and delivering a controlled substance conviction that resulted in a six-year term of incarceration. (Re-Sent. T., May 25, 2018 at 7).

{¶19} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4). While Mayweather may disagree with the

weight given to these factors by the trial judge, Mayweather's sentence was within the applicable statutory range  and therefore, we have no basis for concluding that it is contrary to law.

{¶20} Mayweather has failed to clearly and convincingly show that the aggregate sentence is otherwise contrary to law.

{¶21} Mayweather's sole Assignment of Error is overruled.

{¶22} The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur