[Cite as *State v. Smith*, 2021-Ohio-4484.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                   |
|--------------------------|---|---------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.  |
|                          | : | Hon. John W. Wise, J.     |
| Plaintiff-Appellee       | : | Hon. Earle E. Wise, J.    |
|                          | : |                           |
| -vs-                     | : |                           |
|                          | : | Case No. 21-CA-0007       |
| NIKLAS BO DANIEL SMITH   | : |                           |
|                          | : |                           |
| Defendant-Appellant      | : | <u>OPINION</u>            |


CHARACTER OF PROCEEDING:    Criminal appeal from the Perry County Court of Common Pleas, Case No. 20-CR-0036

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    December 20, 2021

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

JOSEPH A. FLAUTT    JAMES S. SWEENEY
Perry County Prosecuting Attorney    285 South Liberty Street
111 North High Street, Box 569    Powell, OH 43065
New Lexington, OH 43764

*Gwin, P.J.*

{¶1} Defendant-appellant Niklas Bo Daniel Smith ["Smith"] appeals his sentence after a negotiated guilty plea in the Perry County Court of Common Pleas.

*Facts and Procedural History*

{¶2} On June 1, 2020 Smith was indicted on five felony charges at the Perry County Court of Common Pleas, to wit: two counts of Aggravated Trafficking in Drugs, both felonies of the third degree in violation of 2925.03; Corrupting Another with Drugs, a felony of the first degree in violation of R.C. 2925.02; and two counts of Possessing Criminal Tools, both felonies of the fifth degree in violation of R.C. 2923.24.

{¶3} On October 15, 2020, Smith appeared in Court with his appointed counsel and entered guilty pleas to two counts of Aggravated Trafficking in Drugs pursuant to Section 2925.03(A)(1) and (C)(1)(b) of the Revised Code, each a felony of the third degree. In return for the pleas of guilty, the state agreed not to oppose judicial release after one year provided Smith was placed on community control. In exchange for Smith's guilty pleas, all remaining charges were dismissed by the state. Plea T. at 3-4.

{¶4} The matter was scheduled to come before the court for a sentencing hearing on January 8, 2021. Smith failed to appear and a warrant was issued for his arrest.

{¶5} Smith was arrested and brought before the trial court on March 16, 2021. The trial judge made the comment that the matter was set for a bond hearing; however, she would like to proceed with sentencing. Both sides agreed to proceed with the sentencing hearing.

{¶6}   Smith was sentenced to twenty-four months imprisonment on the first count of Aggravating Trafficking in Drugs and thirty months imprisonment on the second count of Aggravating Trafficking in Drugs.  The sentences imposed were ordered to be served consecutively.

*Assignment of Error*

{¶7}   Smith raises one Assignment of Error,

{¶8}   "I. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES ON THE APPELLANT."

*Law and Analysis*

**Standard of Appellate Review.**

{¶9}   We review felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22*; State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31.

{¶10}   In *State v. Gwynne,* a plurality of the Supreme Court of Ohio held that an appellate court may only review individual felony sentences under R.C. 2929.11 and R.C. 2929.12, while   R.C. 2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶16-18.

Further, in *State v. Jones,* the Ohio Supreme Court found,

Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and   2929.12. In particular,   R.C.

2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, – Ohio St.3d —, 2020-Ohio-3775, —N.E.3d — ¶ 28 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope). We therefore conclude that the merits panel's ultimate judgments were erroneous.

163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶11} R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either* the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶ 28; *State v. Gwynne,* ¶16.

{¶12} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

**{¶13}** In the case at bar, Smith does not contest the individual sentences or the length of each sentence, rather his arguments center upon the trial court's decision to make the sentences consecutive.

**{¶14}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" State *v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the imposition of consecutive sentences is contrary to law. *See* Id. The trial court is not required "to give a talismanic incantation of the words of the statute, *provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.*" Id. (emphasis added).

### ISSUE FOR APPEAL.

*A. Whether the trial court properly imposed consecutive sentences in Smith's case.*

### R.C. 2929.14 (C)(4) Consecutive Sentences.

**{¶15}** R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C) (4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

**{¶16}** R.C. 2929.14(C)(4) provides,

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶17} Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the

public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶18}** In this case, the record does not support a conclusion that the record supports that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

**{¶19}** In the case at bar, the trial court recited this language on the record and in its sentencing entry. Sent. T. at 6; *Termination Judgement Entry,* filed Mar. 31, 2021 at 3.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction**

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶20} The trial court made no finding with respect to this factor.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶21} In the case at bar, the trial court recited this language on the record and in its sentencing entry. Sent. T. at 6; *Termination Judgement Entry,* filed Mar. 31, 2021 at 3-4.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶22} In the case at bar, the trial court recited this language on the record and in its sentencing entry. Sent. T. at 6; *Termination Judgement Entry,* filed Mar. 31, 2021 at 3.

### *B. Whether the trial court's decision to impose consecutive sentences in Smith's case is supported by the record.*

{¶23} According to the Ohio Supreme Court, "the *record must contain a basis upon which a reviewing court can determine that the trial court made the findings* required by R.C. 2929.14(C)(4) before it imposed consecutive sentences." *Bonnell,* ¶28 (emphasis added). "[A]s long as the reviewing court can *discern that the trial court*

*engaged in the correct analysis and can determine that the record contains evidence to support the findings,* consecutive sentences should be upheld." Id. at ¶29 (emphasis added). In addition, a plurality of the Ohio Supreme Court in *Gwynne* held that appellate courts may not review consecutive sentences for compliance with R.C. 2929.11 and R.C. 2929.12. *See, Gwynne,* 2019-Ohio- 4761, ¶18.

{¶24} In the case at bar, Smith on two separate occasions sold methamphetamine in close proximity to a school. The sales occurred on October 25, 2019 and December 6, 2019. Plea T. at 7; 9-10. He initially failed to appear for his sentencing hearing. The PSI reveals that Smith has no criminal record and has never served time in jail, prison or on community control as juvenile or as an adult.

{¶25} Upon review, we find that the trial court's sentencing on the charges does not comply with applicable rules and sentencing statutes. The sentence was within the statutory sentencing range. However, we cannot discern that the trial court engaged in the correct analysis nor does the record contain evidence supporting the trial court's findings under R.C. 2929.14(C) (4).

{¶26} In reversing our decision in *Bonnell*, the Supreme Court observed,

We can discern from the trial court's statement that Bonnell had "shown very little respect for society and the rules of society" that it found a need to protect the public from future crime or to punish Bonnell. We also can conclude that the court found that Bonnell's "atrocious" record related to a history of criminal conduct that demonstrated the need for consecutive sentences to protect the public from future crime. But it never addressed the proportionality of consecutive sentences to the seriousness of Bonnell's

conduct and the danger he posed to the public, which in this case involved an aggregate sentence of eight years and five months in prison for taking $117 in change from vending machines.

Thus, the court's description of Bonnell's criminal record as atrocious and its notation of his lack of respect for society do not permit us to conclude that the trial court had made the mandated statutory findings in accordance with R.C. 2929.14(C)(4).

*Bonnell,* 2014-Ohio-3177, ¶¶33-34.

{¶27} In the case at bar, the trial judge gave no description of Smith, his criminal record or his conduct as the court in Bonnell had done; rather, the trial court simply recited the language of the statute. In light of the facts contained in the Pre-sentence Investigation Report, we cannot discern from the record that the trial court actually addressed R.C. 2919.14(C) factors. Likewise, the record contains no facts or evidence from which we can discern that the trial court actually addressed the individual factors contained in R.C. 2919.14(C) with respect to Smith. Nowhere in the record before us, including the Pre-sentencing Investigation Report, can we find any history of criminal conduct, or facts supporting the trial court's finding that Smith poses a future danger, that the public needs protection from Smith and the proportionality of consecutive sentences to the seriousness of Smith's conduct and the danger he poses to the public.

{¶28} Thus, the court's simple recitation of the statutory language does not permit us to review or conclude that the trial court had made the mandated statutory findings in accordance with R.C. 2929.14(C)(4). We cannot glean from the record before this Court that the trial court found consecutive sentences were not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public. Nor is it apparent which of the three additional findings set forth in R.C. 2929.14(C)(4)(a), (b), and (c) were made by the trial court.

{¶29}  While we acknowledge that a trial court is not required to give facts to support the sentencing decision, the record must contain facts that allows this Court to conclude that the trial court actually addressed the individual factors contained in R.C. 2919.14(C) as well as evidence in the record supporting the trial court's findings under R.C. 2929.14(C)(4). *Bonnell*, ¶29. The lack of facts and evidence in the record in the case at bar does not permit us to conclude that the trial court actually made the mandated statutory findings in accordance with R.C. 2929.14(C)(4).  Accordingly, the imposition of consecutive sentences in this case is contrary to law. *Bonnell*, ¶37.

{¶30}  Smith's sole Assignment of Error is sustained.

{¶31}  The sentence of the Perry County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings consistent with this Opinion and the law.

By Gwin, P.J.,

Wise, John, J., and

Wise, Earle, J., concur